DIXON *et al. v.* MERCHANTS & MECHANICS LAND CO.

1. There being a cause of action set forth in the equitable petition and sustained by the proof, the court did not err in refusing to dismiss the petition upon motion of defendant's counsel, made after petitioner's testimony had been introduced; nor was there error in having all the issues presented by the pleadings passed upon and determined in one trial.
2. This court can not consider alleged errors committed on the trial, as to the charge and rulings of the court, when the portions of the charge and the rulings complained of are not specifically set forth in the motion for new trial or the bill of exceptions.
3. There was evidence sufficient to sustain the finding of the jury, and the court did not err in overruling the motion for new trial.

Argued January 25, — Decided March 24, 1898.

Equitable petition. Before Judge Falligant. Chatham superior court. March term, 1897.

On October 21, 1893, Dixon, as surviving partner of the firm of Dale, Dixon & Company, caused to be recorded his claim of lien on certain land as the property of the Savannah Wheelman's Track Association, for $1,429.58, for building ma-

terial furnished the association and used in the erection of improvements on the premises; and on December 13, 1894, in a proceeding to foreclose the lien, he obtained a verdict and decree against the association for $1,329.58, and established a materialman's lien upon the premises. During the term at which the decree was rendered, the Merchants & Mechanics Land Company, which was the holder of a purchase-money mortgage on the premises, executed January 21, 1893, by the Savannah Wheelman's Track Association in favor of the Merchants & Mechanics Building & Loan Association to secure a balance of $3,300 principal, brought its petition to the superior court against Dixon and the Savannah Wheelman's Track Association, alleging, that Dixon was not entitled to a materialman's lien, because he did not record his alleged lien until long after the expiration of 90 days from the time when the material was furnished and delivered; that the only item of his claim, which was of a date within 90 days of the record of the claim of lien, was one for $10, which the Savannah Wheelman's Track Association did not owe, and which, if it did owe, was not for material used in improvements on the premises, and was not a part of an entire contract covering the other items of the bill; and that it was fraudulently inserted for the purpose of trying to bring the entire claim under the protection of a materialman's lien; that the Savannah Wheelman's Track Association, with knowledge of these facts, colluded with Dixon to deprive petitioner of its rights, by not presenting any defense to Dixon's demand, and assenting to the decree, without giving petitioner notice of the pending proceeding; that until the property had been levied on under the decree and advertised for sale by the sheriff, petitioner had no notice of the proceeding to subject the property to the alleged lien; that by this fraud and collusion petitioner's security was in danger of being postponed to the lien thus improperly obtained, whereas in law and in good conscience it was entitled to a first lien on the property; that there was reason to believe that the property, if sold, would not bring an amount large enough to pay off petitioner's claim and that of Dixon; that unless protected under this equitable procedure, petitioner would be without remedy at law and

would be subjected to irreparable damage; that the Savannah Wheelman's Track Association was insolvent, and petitioner did not see upon what ground it could hold Dixon responsible for any loss sustained; and that admitting that Dixon was entitled to a materialman's lien, yet the mortgage lien of petitioner was entitled to priority, because, at the time the goods for which the lien was claimed were furnished, the party furnishing the same had the notice which the law requires of the existence of the mortgage lien. Petitioner also claimed that his mortgage was entitled to priority over the lien established upon the same property by a decree rendered on December 13, 1894, in favor of Dixon, surviving partner, against Steinacker and the Savannah Wheelman's Track Association, for $117.19. Waiving discovery, petitioner prayed that these decrees be set aside and a rehearing of the cases had; that petitioner be allowed to intervene as a party defendant and protect its rights; that the whole controversy touching this subject-matter and the conflicting claims of the parties be fully and finally adjudicated in this suit; and that the priority of the respective liens be designated in the decree; also for injunction and general relief.

Dixon answered, denying the material allegations of the petition. The Savannah Wheelman's Track Association made no defense. At the conclusion of the testimony the defendant moved to dismiss the petition, upon the grounds: (a) The testimony for the plaintiff showed that if there was anything in its contention in regard to the superiority of its mortgage lien over the lien of this defendant, the plaintiff's remedy at law upon the distribution of the fund to be realized upon a sale of the property was full and complete. (b) The testimony for the plaintiff showed conclusively that, so far as the Steinacker lien was concerned, every requirement of the laws of Georgia had been complied with. (c) The testimony of the plaintiff not only failed to show fraud on the part of this defendant, but showed affirmatively that there was no fraud on his part. This motion was overruled; and there was a verdict finding that the mortgage lien held by the plaintiff was superior to the lien declared to exist in favor of Dixon for $1,329.58, and that the lien established in the case of Dixon v. Steinacker and the as-

sociation, for $117.19, was superior to the mortgage lien. Dixon's motion for a new trial was overruled, and he excepted. The motion alleged that the verdict was contrary to law and evidence, and that the court erred in overruling the motion to dismiss the suit. It is unnecessary here to set forth the other grounds of the motion, beyond what appears in the second division of the opinion.

*Charlton, Mackall & Anderson,* for plaintiff in error.
*William W. Gordon Jr.,* contra.

SIMMONS, C. J.   1. The record discloses that the Merchants and Mechanics Land Co. filed its equitable petition, the allegations of which will be found in the official report.   A temporary restraining order was granted, and after the hearing an injunction was granted.   The case coming on for trial before the jury, after petitioner's evidence was in, the defendants in the court below moved to dismiss the case, upon the grounds set out in the report.   The judge overruled the motion, and the jury, under the instructions of the court, returned a verdict giving precedence to the lien of the plaintiff below over the judgment and lien of the defendants.   Precedence over both of these liens was given to another and smaller judgment and lien of defendants, but with this we are not called upon to deal. Defendants complain of the refusal of the court to dismiss the petition upon motion made at the conclusion of petitioner's testimony.   The gravamen of the complaint of the plaintiffs in error is, that the action brought in the court below should have been dismissed, because the same end could have been accomplished by waiting until the land was sold and the fund brought into court, and then filing a claim thereto.   While this course was open to the plaintiff below, we think that it was not compelled to adopt it.   Under the allegations in the petition and the evidence submitted at the trial, Dixon's judgment foreclosing his lien was obtained by collusion between him and the defendant in that judgment.   If it stood, it took precedence over the mortgage of the plaintiff.   Section 5371 of the Civil Code declares that "Creditors or bona fide purchasers may attack a judgment   .   .   for fraud or collusion, whenever and wherever

it interferes with their rights, either at law or in equity." This section of the code gave the plaintiff in the court below the right to wait for the sale of the land, and then, when the fund was brought into court, to attack the judgment and claim the fund; or it could, at its pleasure, resort to equity. It preferred the latter course, because, it alleges, the land on which it held the purchase-money mortgage was about to be sold under this fraudulent or collusive judgment, and if sold under this judgment it would not bring a sum sufficient to pay its mortgage. It therefore asked that the judgment be enjoined until it could intervene and set the collusive judgment aside or establish the precedence of its claim over that judgment. As before remarked, the court, on the hearing of the application for the injunction, granted the same. The defendant did not except to that judgment but allowed it to stand until the trial, when he made his motion to dismiss the case after the petitioner's evidence was in. The trial judge must have thought, under the allegations of the petition and the evidence adduced at the hearing, that the defendant's judgments were interfering with the rights of plaintiff, or he would not have granted the injunction. The grant of the injunction was a valid judgment and bound the defendant until revoked or set aside. It was too late, at the trial before the jury and after the plaintiff's evidence was in, to move to dismiss the case on the ground that the plaintiff had a common-law remedy. We therefore think the court did not err in refusing to dismiss the case upon this ground, nor in allowing all the questions made in the pleadings to be tried and determined together by the same jury. The petition setting out a cause of action with several questions involved therein between the parties, plaintiff and defendant, there was no error in trying them all together.

2. In the motion for a new trial are several grounds complaining of rulings of the court during the progress of the trial, and of portions of the charge to the jury. A glance at them will be sufficient to show that this court can not consider them. For illustration, the second ground is as follows: "That the court erred in permitting the witness Collins to impeach his verdict given on the trial which resulted in the judgment at-

tacked." This ground does not show specifically the evidence objected to, nor how or in what manner the witness did impeach his verdict, and it does not state that any objection was made to his testimony at the time it was offered. The third ground alleges error "in admitting in evidence the mortgage and notes given by the Savannah Wheelman's Track Association to the plaintiff, and the testimony offered to show the superiority of the claim of plaintiff over the claim of this defendant, the same being irrelevant." This ground does not allege that this objection was made at the time the evidence was offered, nor does it show that at that time any objection at all was made. Again: "Because the court erred in charging the law of notice, there being no testimony of any character or description that the defendant had ever had notice of the mortgage held by the plaintiff." What the court charged as to notice or how the charge dealt with the subject is not shown. Other grounds of a similar nature are in the motion. This court has often decided that such grounds in a motion for new trial can not be considered by this court, and we must apply this ruling to the present case.

3. The jury found that the foreclosure of the defendant's materialman's lien was collusive between him and the track association, and also found that the plaintiff's mortgage lien should have precedence over it. There was sufficient evidence to authorize the finding, and the trial judge did not err in refusing to grant a new trial.

*Judgment affirmed.     All the Justices concurring.*